U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 30 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LETICIA McWILLIAMS,           §
                              §
          Plaintiff,          §
                              §
VS.                           §   NO. 4:14-CV-863-A
                              §
TEXAS CRIMINAL DISTRICT COURT §
NUMBER 3, ET AL.,             §
                              §
          Defendants.         §

MEMORANDUM OPINION
and
ORDER

Plaintiff, Leticia McWilliams, filed this action pro se under 42 U.S.C. § 1983, naming as defendants Texas Criminal District Court 3 ("Court"), Tarrant County Jail ("Jail), Sergeant Dooling ("Dooling"), Sergeant King ("King"), Grievance Officer Hixon ("Hixon"), Tim Randall ("Randall"), and Grievance Officer Salas ("Salas").[1] The individual defendants are alleged to be employees of the Jail, where plaintiff was incarcerated at the time she filed the instant complaint. Subsequent to filing the complaint, plaintiff on November 6, 2014, filed copies of inmate grievance forms and Jail officials' responses, and on November 7 and December 12, 2014, she also filed large stacks of additional documents, together totaling almost 200 pages. These additional

---

[1]Court and Jail are not entities capable of being sued and hence are not proper defendants. Ordinarily the court would substitute the proper party. However, because the complaint fails to allege any facts as would state a claim against any entity, with the consequence that the court is dismissing this action in its entirety, the court is not ordering or construing any substitution of parties.

documents appear to consist of copies of the numerous grievances plaintiff has filed at the Jail, along with some of the official responses thereto, as well as papers pertaining to her present incarceration.  Having now considered all of plaintiff's filings, as well as the applicable legal authorities, the court concludes that the complaint in this action should be dismissed in its entirety.

I.

The Complaint

The complaint alleged the following:

On April 4, 2014, plaintiff was "illegally tried, sentenced and convicted by Tarrant County Texas Criminal District Court Three Judge Robb Catalano and Tarrant County Texas Probation Department."  Compl. at 4.  Plaintiff's court records and probation file contain fraudulent documents, including the petition to revoke probation, and she is "being severely mistreated and abused" in the Jail.  Id.  Plaintiff has never been to prison or state jail, yet she has been denied parole. Plaintiff's trial and appellate attorneys refuse to address her claims or legal errors.  Although plaintiff has reported "the crimes committed against [her]," she is "retaliated against, harmed and ignored."  Id.

On the page of the complaint that asks for identification of, and claims against, each defendant, plaintiff maintained that Dooling and King left her on the bare cell floor without a mattress.  Plaintiff alleged that Hixon found her guilty of refusing orders when she remained on the cell floor and sentenced her to five days of solitary confinement.  Randall, a grievance officer, upheld Hixon's ruling, and Salas found that other officers did not violate departmental policy.

Plaintiff seeks "legal assistance and protection to the full extent of the law," and asks to be "fully compensated for all the wrong and harm done" to her.  Id.  Plaintiff also asks to be freed from incarceration and to be entirely removed from the Texas legal system.

II.

Screening Pursuant to 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether she is proceeding in forma pauperis.  See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted.  A claim is frivolous if it "lacks an arguable basis in

either fact or law." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325
(1989). A complaint fails to state a claim upon which relief can
be granted when, assuming that all the allegations in the
complaint are true even if doubtful in fact, such allegations
fail to raise a right to relief above the speculative level.
<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal
quotation marks and citations omitted). After considering
plaintiff's claims as described in the complaint, the court
concludes that they are frivolous and fail to state a claim for
relief against any defendant.

III.

<u>Analysis</u>

A.   <u>Dismissal Under *Heck v. Humphrey*</u>

In 1994, the United States Supreme Court stated that for a
plaintiff to recover damages under § 1983

> for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence
> invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct
> appeal, expunged by executive order, declared invalid
> by a state tribunal authorized to make such
> determination, or called into question by a federal
> court's issuance of a writ of habeas corpus, 28 U.S.C.
> § 2254.

<u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) (footnote omitted).
Thus, the Supreme Court "unequivocally held that unless an

4

authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's conviction, his claim 'is not cognizable under [§] 1983.'" Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000) (per curiam) (quoting Heck, 512 U.S. at 487)). The Fifth Circuit has held that Heck applies to § 1983 claims that challenge revocation proceedings. See, e.g., Cougle v. Cnty. of DeSoto, Miss., 303 F. App'x 164, 165 (5th Cir. 2008) (per curiam)[2]; Adongo v. Texas, 124 F. App'x 230, 232 (5th Cir. 2005) (per curiam); Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995) (per curiam).

Here, plaintiff appears to complain, at least in part, about her April 2014 probation revocation that led to her present incarceration. Plaintiff contends that the court documents filed in conjunction with the revocation are fraudulent, and many of the signatures, including those of Judge Catalano, are forged. The sum of these allegations is that plaintiff is being unlawfully imprisoned in the Jail.

Considering plaintiff's claims in light of Heck, it is apparent that a favorable ruling by the court on such claims would necessarily imply the invalidity of her probation revocation and resulting imprisonment. Indeed, this is the

---

[2]The court recognizes that unpublished opinions are not binding precedent. Nevertheless, the court finds instructive the holdings and analyses of the unpublished opinions cited herein.

result plaintiff apparently seeks, as she is asking to be
released from her present incarceration and relieved of any
further action against her by the Texas legal system.  However,
because plaintiff has failed to allege or show that an authorized
tribunal or executive body has overturned or otherwise
invalidated her revocation proceeding or her current sentence,
her claims are not cognizable under § 1983.  <u>Jackson</u>, 49 F.3d at
177.  Accordingly, plaintiff's claims pertaining to her probation
revocation are dismissed as frivolous.  <u>Hamilton v. Lyons</u>, 74
F.3d 99, 102 (5th Cir. 1996) (A claim that "falls under the rule
in <u>Heck</u> is legally frivolous unless the conviction or sentence at
issue has been reversed, expunged, invalidated, or otherwise
called into question.").

B.   <u>Claim Concerning Sleeping on Cell Floor</u>

Plaintiff also complains that she was not allowed to sleep
on a mattress placed on the floor of her cell, but instead was
made to sleep on the floor.  After reviewing the voluminous
papers submitted in conjunction with the complaint, the court has
determined that the following events pertain to this claim:

Plaintiff at one time had been placed on a bottom-bunk
restriction.  However, that restriction expired, and, rather than
return to sleeping on the top bunk, plaintiff placed her mattress
on the floor.  As far as the court can tell, plaintiff slept on

the cell floor approximately four days in April 2014, and another three days in August 2014. Plaintiff was ordered by officers at the Jail to place her mattress back on the bed and stop sleeping on the floor, but she refused. As a consequence of the refusal, a disciplinary report was prepared and presented at a hearing on August 7, 2014. Plaintiff was adjudged guilty and ordered to spend five days in segregation. Shortly after the disciplinary hearing, plaintiff was moved to a single-person cell.

Nothing alleged in the complaint or plaintiff's additional filings states a claim for relief regarding sleeping on the floor. As an initial matter, it is evident that plaintiff slept on the floor by her own choosing and in defiance of Jail officials' directives that she place her mattress on the bed frame.

In any event, however, plaintiff has failed to state a claim for relief based on the circumstances described in the complaint. Prison conditions violate the Constitution only where they "deprive inmates of the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Sleeping on the floor of a cell for a few days' time does not state a constitutional deprivation that may be redressed through a § 1983 action. See, e.g., Phillips v. East, 81 F. App'x 483, 485 (5th Cir. 2003) (per curiam) (denying prisoner a mattress,

blanket, and toilet paper for almost three days, without more, was not a constitutional deprivation); <u>Johnson v. Pelker</u>, 891 F.2d 136, 138-39 (7th Cir. 1989) (prisoner forced to sleep for three days on metal bedframe without mattress failed to state constitutional violation); <u>Mann v. Smith</u>, 796 F.2d 79, 85 (5th Cir. 1986) (Eighth Amendment does not require elevated beds for prisoners).

Nor has plaintiff shown that she was in any way injured by sleeping on the floor. Although the complaint and supporting papers make generalized allegations that plaintiff was hurt or harmed, the court is unable to locate any specific injury suffered by plaintiff as a result of sleeping on the floor. Generalized, conclusory allegations, absent factual support, are insufficient to state a claim under § 1983.

C.   <u>Claims About Grievances</u>

Plaintiff also complains about Hixon, Randall, and Salas's treatment of her grievances, particularly that they upheld the disciplinary action against plaintiff despite the grievances she filed. Plaintiff has again failed to state a cognizable claim for relief. Prisoners have no constitutionally protected right to have grievances resolved to their satisfaction. <u>Geiger v. Jowers</u>, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam).

Accordingly, plaintiff has failed to state a claim for relief regarding any of the defendants' handling of her grievances.

## IV.

### Order

Therefore,

The court ORDERS that all claims and causes of action brought by plaintiff, Leticia McWilliams, against defendants, Court, Jail, Dooling, King, Hixon, Randall, and Salas, be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b)(1).

SIGNED December 30, 2014.

JOHN McBRYDE
United States District Judge

9